United States District Court
Southern District of Texas
**ENTERED**
January 24, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **KAREN LETHZAYDA URBINA,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-269 |
| | § | Criminal No. B:14-647-1 |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 17, 2016, Petitioner Karen Lethzayda Urbina filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be dismissed because it is untimely filed, or alternatively, that it should be denied because it is factually and legally meritless.

## I. Procedural and Factual Background

On August 26, 2014, a federal grand jury – sitting in Brownsville, Texas, – returned a four count indictment against Urbina, charging her with: two counts of conspiracy to possess with intent to distribute a quantity of more than 50 grams of methamphetamine; and, two counts of possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841and 846 and 18 U.S.C. § 2. U.S. v. Urbina, Criminal No. 1:14-647-1, Dkt. No. 7 (hereinafter "CR"). [1]

---

[1] On September 4, 2014, an amended indictment was issued, which merely corrected a misspelling in the original indictment, but did not alter the charges Urbina faced. CR Dkt. No. 11.

### A. Re-Arraignment

On December 18, 2014, Urbina appeared before the District Judge and entered a guilty plea – without a written plea agreement – to one count of possession with the intent to distribute more than 50 grams of methamphetamine. CR Dkt. No. 19.

### B. Sentencing and Direct Appeal

In the final presentence report ("PSR"), Urbina was assessed a base offense level of 34, as a result of being held accountable for 1.05 kilograms of methamphetamine. CR Dkt. No. 22, pp. 6-7. Urbina was also given a two-level enhancement for smuggling methamphetamine into the United States. Id. She was also afforded a two-level reduction for truthfully debriefing with the Government and being eligible for "safety valve" under § 5C1.2(a). Id. She was also given an additional three-level reduction for acceptance of responsibility. Id. Accordingly, her total offense level was 31. Id.

Regarding her criminal history, Urbina had no prior adult criminal convictions and was assessed zero criminal history points, which resulted in a criminal history category of I. CR Dkt. No. 22, p. 7. Based upon Urbina's offense level of 31 and criminal history category of I, the PSR identified a guideline sentencing range of 108 to 135 months of imprisonment. Id., p. 10.

On March 19, 2015, the Government filed a motion for a downward departure of up to one-third off the guideline sentencing range, based upon Urbina's substantial assistance. CR Dkt. No. 26.

On March 23, 2015, the District Judge granted the Government's motion for a downward departure. CR Dkt. No. 27. The District Court sentenced Urbina to 72 months of imprisonment; three years of supervised release; and a $100 special assessment. CR Dkt. No. 27. The judgment was entered on April 6, 2015. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Urbina's deadline for filing a notice of direct appeal passed on April 20, 2015. Id. Moreover, Urbina's period in which to file a § 2255 petition expired one year later on April 20, 2016. 28 U.S.C. § 2255(f)(1).

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On October 17, 2016, Urbina filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her motion, Urbina raises several claims, which the Court restates as follows: (1) she cooperated with the Government and her sentenced was not reduced as a result; (2) her lawyer was ineffective for advising her not to bring up her alcohol addiction at sentencing; and, (3) she was not given the benefit of Amendment 782 of the Sentencing Guidelines regarding drug quantity. Dkt. No. 1.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Urbina seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a 1-year period of limitation from the date on which

judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principle application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued her claim. Id. at 403.

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Moreover, a defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (2001) (noting that "any amount of jail time has Sixth Amendment significance.").

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Urbina's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012). Moreover, "pro se petitioners are expected to comply with AEDPA's statute of limitations." Manning v. Epps, 688 F.3d 177, 185 (5th Cir. 2012)

**A. Timeliness**

Urbina's § 2255 motion is untimely filed and should be dismissed.

On April 6, 2015, the District Court issued the judgment of conviction. CR Dkt. No. 27. As noted earlier, a notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). As such, Urbina's deadline to file a direct appeal was April 20, 2015. No direct appeal was filed, so her conviction became final on that date. See U.S. v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires.").

As discussed earlier, a defendant must file a § 2255 motion within one year of her conviction becoming final. 28 U.S.C. § 2255(f)(1). Thus, Urbina had until April 20, 2016, to timely file her § 2255 petition.

Urbina certifies that she placed her motion into the prison mail system on October 6, 2016. Dkt. No. 1, p. 13. Pursuant to the "prison mailbox" rule, a motion submitted by a

prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Accordingly, after taking into account the prison mailbox rule, Urbina's § 2255 motion was filed almost six months beyond the statutory period.

Furthermore, equitable tolling is not justified by the record. Urbina asserts that her petition was untimely because she was unaware of the possibility of habeas relief. Dkt. No. 1, p. 12. "Ignorance of the law is insufficient to justify equitable tolling." Sutton v. Cain, 722 F.3d 312, 317 (5th Cir. 2013).

Accordingly, Urbina's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. Cooperation

Urbina asserts that she cooperated with the Government, but did not receive a reduced sentence for her cooperation. This claim is belied by the record.

Prior to her sentencing, the Government sought a downward departure to Urbina's sentence based upon her substantial assistance. CR Dkt. No. 26. That motion was granted at sentencing. CR Dkt. No. 27. Urbina's original guideline sentencing range was 108 to 135 months of incarceration; she received a sentence of 72 months. Id.

Thus, Urbina's sentence was reduced for her cooperation. Her claim to the contrary is meritless and should be denied.

### C. Alcohol Addiction

Urbina also alleges that her lawyer was ineffective for advising her not to bring up the issue of her alcohol addiction at sentencing. This claim should be denied.

The decision of what issues to raise in mitigation at sentencing is a tactical decision by counsel. Bell v. Lynaugh, 828 F.2d 1085, 1090 (5th Cir. 1987). "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be so ill chosen that it permeates the entire trial with obvious unfairness." Ramirez v. Stephens, 641 F. App'x 312, 322 (5th Cir. 2016) (quoting Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir.1995)).

6

There is no evidence in the record to support any claim that counsel's advice created an "obvious unfairness" for Urbina. Furthermore, it is not clear that counsel's decision prejudiced Urbina; she was afforded a reduction for cooperation and sentenced at the bottom of the guideline that she scored. Moreover, if knowledge of the alcohol problem was raised by her counsel, it may have undermined the value of her cooperation – i.e. that she couldn't be believed, because of the effects of her purported addiction. Any reduction in her credibility may have imperiled the Government's willingness to ask for the downward departure for cooperation. At worst, this decision was a tactical decision by counsel, which, under the facts presented here, does not support a finding of ineffective assistance of counsel. Accordingly, this claim is meritless and should be denied.

### D. Amendment 782

Urbina asserts that she should have received sentencing relief under Amendment 782 to the Sentencing Guidelines. As with the other claims, this one is also meritless and should be denied.

Under Amendment 782, all of the drug quantity base offense levels were reduced by two levels. U.S.S.G. Amendment 782. This amendment went into effect on November 1, 2014. Id. Urbina was sentenced on March 23, 2015. CR Dkt. No. 27. Thus, her sentencing occurred after the effective date of the amendment and she received the benefit of the amendment.

Furthermore, Urbina has already litigated this issue. On February 29, 2016, she filed a motion for a retroactive application of Amendment 782. CR Dkt. No. 29. On June 10, 2016, the Probation Department issued a memorandum, showing that Urbina had received the benefit of Amendment 782, when she was originally sentenced. CR Dkt. No. 35. On June 14, 2016, the Court denied the motion on that basis. CR Dkt. No. 36. Accordingly, the issue has been decided.

This claim is meritless and should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Karen Lethzayda Urbina's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED** as untimely filed. Alternatively, it should be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Urbina's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Urbina's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking

on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on January 24, 2017.

                                                      _____
                                                      Ronald G. Morgan
                                                      United States Magistrate Judge